UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KAI RAYMONE THOMAS,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

_____/

Civil Case No. 2:24-cv-126

Honorable Paul L. Maloney

## **OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Kai Raymone Thomas ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

**I.     Background**

On March 22, 2022, a grand jury returned an Indictment charging Defendant with: (1) being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1); and possession of stolen firearms and ammunition, in violation of 18 U.S.C. § 922(j). *See* Indictment, *United States v. Thomas*, No. 2:22-cr-4 (W.D. Mich.) (ECF No. 1). Defendant subsequently entered into a plea agreement in which he agreed to plead guilty to being a felon in possession of firearms and ammunition. *See* Plea Agreement, *id.* (ECF No. 30). Defendant appeared before Magistrate Judge Maarten Vermaat on June 13, 2022, for his change of plea hearing. *See* Plea Hr'g Tr., *id.* (ECF No. 51). The Court subsequently adopted Magistrate Judge Vermaat's Report and Recommendation that Defendant's guilty plea be adopted. *See* R&R and Order, *id.* (ECF Nos. 32, 35).

On December 19, 2022, the Court sentenced Defendant to 108 months' incarceration, followed by 3 years of supervised release. *See* J., *id.* (ECF No. 47). Defendant appealed, arguing that the Court "erred when choosing his sentence because it did not give him credit for, or even discuss, the months he spent in state custody." *See United States v. Thomas*, No. 22-2147, 2023 WL 8450683, at *1 (6th Cir. Dec. 6, 2023). The United States Court of Appeals for the Sixth Circuit rejected his argument and affirmed his sentence, noting that "federal law requires the Bureau of Prisons (not the court) to determine the credit that he should receive for the time he served before his sentence." *Id.*

Defendant filed his § 2255 motion on July 29, 2024. (ECF No. 1.) On August 1, 2024, the Court ordered the government to file a response to the motion. (ECF No. 3.) The government filed its response (ECF No. 4) on September 19, 2024.

## II.    Analysis

### A.    Standard of Review

A federal prisoner who moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are an exception to this general rule. Claims

3

of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (citation omitted).

### B.  Discussion

Defendant raises one ground for relief in his § 2255 motion. Specifically, Defendant asserts that his conviction for being a felon in possession of a firearm is no longer constitutional under the Second Amendment pursuant to the Supreme Court's recent decision in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022). (ECF No 1, PageID.1.) Defendant also references *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023); *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023); and *United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill. 2023). (ECF No. 1, PageID.1–2.) The government avers that Defendant's motion lacks merit. (ECF No. 4.)

In 2008, the Supreme Court held that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). The Court, however, cautioned that "the right secured by the Second Amendment is not unlimited." *Id.* The *Heller* Court explicitly stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* In 2010, the Court affirmed that statement. *See McDonald v. Chicago*, 561 U.S. 742, 786 (2010). Specifically, a plurality of the Court stated: "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.'" *Id.* at 786 (quoting *Heller*, 554 U.S. at 626). After *Heller* and *Chicago*, the United States Court of Appeals for the Sixth Circuit "repeatedly found that 'prohibitions on felon possession of firearms do not violate

4

the Second Amendment.'" *United States v. Goolsby*, No. 21-3087, 2022 WL 670137, at \*2 (6th Cir. Mar. 7, 2022).

Shortly after *Goolsby*, the Supreme Court decided *Bruen*. In *Bruen*, the Court held that "consistent with *Heller* and *McDonald*, . . . the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." 597 U.S. at 10. The Court concluded that New York's licensing scheme for issuing public-carry licenses for self-defense violated the Constitution because licenses issued "only when an applicant demonstrates a special need for self-defense." *Id.* at 11. In so concluding, the Court stated:

> In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 17. The government "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. That burden requires the government to point to "'historical precedent' from before, during, and even after the founding [that] evinces a comparable tradition of regulation." *Id.* at 27.

The *Bruen* Court, however, did reiterate that "the right secured by the Second Amendment is not unlimited." *Id.* at 21 (quoting *Heller*, 554 U.S. at 626). In concurrences, Chief Justice Roberts and Justices Alito and Kavanaugh specifically noted that the Court's holding in *Bruen* "decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun." *See id.* at 72 (Alito, J., concurring), *see also id.* at 81 (Kavanaugh, J., concurring). The dissenting justices—Justices Breyer, Kagan, and Sotomayor—also understood the *Bruen*

5

majority's opinion "to cast no doubt" on *Heller*'s treatment of laws prohibiting the possession of firearms by felons. *See id.* at 129 (Breyer, J., dissenting).

In March of 2024, the Sixth Circuit acknowledged that following *Bruen*, there is a circuit split regarding the constitutionality of felon-in-possession convictions under § 922(g)(1). *See United States v. Johnson*, 95 F.4th 404, 416 (6th Cir. 2024). In 2023, the Eighth Circuit held that such convictions do not violate the Second Amendment, writing that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." *United States v. Jackson*, 69 F.4th 495, 505 (8th Cir. 2023). That same year, the Third Circuit sustained a challenge to § 922(g)(1) by a prospective firearm owner who had previously been convicted of making a false statement to obtain federal food stamps. *See Range v. Att'y Gen.*, 60 F.4th 96, 106 (3d Cir. 2023) (en banc). Moreover, the Fifth Circuit sustained a challenge to § 922(g)(1) by an individual who was an unlawful user of a controlled substance. *See United States v. Daniels*, 77 F.4th 337, 355 (5th Cir. 2023).

In *Johnson*, the Sixth Circuit noted that several courts had rejected similar § 922(g)(1) challenges under plain error review. *See Johnson*, 69 F.4th at 416–17 (collecting cases). The *Johnson* court rejected a similar challenge, noting the absence of "precedent explicitly holding that § 922(g)(1) is unconstitutional and because it is unclear that *Bruen* dictates such a result." *Id.* at 417. Subsequently, the Sixth Circuit has twice rejected identical challenges. *See United States v. v. Alvarado*, 95 F.4th 1047, 1053 (6th Cir. 2024); *United States v. Trammell*, No. 23-5221, 2024 WL 3163403, at *5 (6th Cir. June 25, 2024).

The Sixth Circuit has also stated that "we unambiguously held in *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit." *United States v. Vaughn*, No. 23-

6

5790, 2023 WL 9789018, at *1 (6th Cir. Sept. 28, 2023). Since *Bruen*, several courts within the Sixth Circuit have rejected § 2255 motions raising the same argument that Defendant raises now. *See, e.g.*, *United States v. Fenderson*, No. 1:19-cr-498, 2024 WL 3046600, at *2 (N.D. Ohio June 18, 2024); *United States v. Purtilo*, No. 1:21-cr-298, 2024 WL 3046347, at *2 (N.D. Ohio June 18, 2024); *United States v. Turner*, No. 18-53-DLB-MAS-1, 2024 WL 2846018, at *4 (E.D. Ky. June 5, 2024); *Penn v. United States*, No. 1:23-cv-114, 2024 WL 872987, at *2 (E.D. Tenn. Feb. 29, 2024).

Moreover, on August 23, 2024, the Sixth Circuit issued a precedential opinion addressing the constitutionality of § 922(g). *See United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). The panel first noted that *Carey* was no longer good law because "the Supreme Court's mode of analysis ha[d] changed since [the Sixth Circuit] last upheld § 922(g)(1)'s constitutionality." *Id.* at 645. The Sixth Circuit noted that, under *Bruen*, the first step is to "ask whether 'the Second Amendment's plain text covers [the defendant's] conduct." *Id.* at 648 (quoting *Bruen*, 597 U.S. at 24). Ultimately, the panel concluded that the phrase "the people," as used in the Second Amendment, encompassed all citizens, including felons. *Id.* at 649. Thus, "[o]n balance, the Second Amendment's plain text presumptively protects William's conduct." *Id.*

The Sixth Circuit then proceeded to the second step under *Bruen*—determining whether the government's burden imposed on the Second Amendment right was "consistent with the principles of underpinning our historical tradition of regulating firearms." *Id.* at 650. The panel conducted an exhaustive review of pre-Colonial, Colonial, and post-Colonial history regarding the regulation of firearms and concluded that the burden imposed by § 922(g)(1) was consistent with that history. *See id.* at 650–57. The panel stated that "our nation's history and tradition demonstrate

7

that Congress may disarm individuals they believe are dangerous." *Id.* at 657. Thus, § 922(g)(1) is "constitutional as it applies to dangerous individuals," *i.e.*, constitutional on its face. *Id.* at 662.

The Sixth Circuit's decision, however, left open the possibility of as-applied challenges to § 922(g)(1). The court concluded that "when the legislature disarms on a class-wide basis, individuals must have a reasonable opportunity to prove that they don't fit in the class-wide generalization." *Id.* at 661. The panel set forth the following guidance to determine whether an individual is dangerous:

> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.
>
> A more difficult category involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements. But such a case is not before us today.

*Id.* at 663. Applying that guidance, the Sixth Circuit concluded that Williams' as-applied challenge failed, as his prior convictions for aggravated robbery and attempted murder clearly indicated his dangerousness. *Id.* at 662.

Given the extensive authority set forth above, Defendant's facial challenge to § 922(g)(1) fails. Moreover, any intended as-applied challenge also fails. Defendant's Presentence Investigation Report (PSR) indicates that Defendant has previously been convicted of armed robbery, strangulation, and domestic battery. *See* PSR, *United States v. Thomas*, No. 2:22-cr-4 (W.D. Mich.) (ECF No. 40, PageID.119–125). Under *Williams*, those convictions certainly qualify Defendant as a "dangerous" individual who can be disarmed. *See Williams*, 113 F.4th at 663.

As noted *supra*, Defendant also relies upon the Third Circuit's decision in *Range*, as well as the Fifth Circuit's decision in *Daniels*. However, in July of this year, the Supreme Court granted

8

certiorari in both cases, vacated the judgments, and remanded for further proceedings in light of the Court's decision in *United States v. Rahimi*, No. 22-915, 602 U.S. ----, 2024 WL 3074728 (June 21, 2024), in which the Court upheld the constitutionality of § 922(g)(8), which prohibits the possession of firearms by individuals subject to domestic violence restraining orders. *See Garland v. Range*, 144 S. Ct. 2706 (2024); *United States v. Daniels*, 144 S. Ct. 2707 (2024). *Range* and *Daniels*, therefore, provide Defendant with no basis for relief under § 2255.

Defendant also relies upon *United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill. 2023), in which that district court concluded that § 922(g)(1) "impose[d] a far greater burden on the right to keep and bear arms than the historical categorical exclusions from the people's Second Amendment right." *Id.* at 673. *Prince*, however, is an out-of-circuit case that is not binding upon this Court. Moreover, this Court is bound to follow the Sixth Circuit's analysis set forth in *Williams*. Thus, *Prince* provides Defendant with no basis for relief as well.

In sum, Defendant's § 2255 motion is meritless. Accordingly, it will be denied.

### C.     **Evidentiary Hearing**

Section 2255 provides that a court is generally required to hold an evidentiary hearing to make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Having decided that the files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the merits of the pending motion.

9

### III.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claim was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IV.     Conclusion**

For the foregoing reasons, Defendant's § 2255 motion, as well as a certificate of appealability, will be denied. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).


Dated:   October 17, 2024                             /s/ Paul L. Maloney
                                                                                        Paul L. Maloney
                                                                                        United States District Judge